# CIRCUIT COURT OF THE CITY OF RICHMOND

Wheat First Butcher Singer

v.

Elizabeth A. Lanham

January 29, 1997

Case No. LB-1998-4

By Judge Randall G. Johnson

This case is before the court on defendant's motion to set aside a confessed judgment. The judgment is based on a promissory note made on September 20, 1995, in the original principal amount of $12,620.89. The judgment is for $7,644.41, plus $1,500 in attorney's fees. The motion to set aside the judgment is made on two grounds. First, defendant argues that the judgment should not have been entered because the parties had agreed to submit all disputes existing between them to binding arbitration and the plaintiff-creditor did not seek arbitration before obtaining judgment against defendant. Second, defendant argues that she has a counterclaim against plaintiff which constitutes a setoff, thereby requiring that the confessed judgment be set aside. The court rejects defendant's first argument, but will set aside the judgment based on the second argument.

Defendant, Elizabeth A. Lanham, is a former employee of defendant, Wheat First Butcher Singer, a Richmond-based brokerage firm ("Wheat"). While so employed, a dispute arose between Lanham and Wheat over a "trade error" which Wheat claimed Lanham had made, and the note was executed by Lanham to settle that dispute. The note contained the following confession of judgment provision:

The undersigned hereby constitutes and appoints Jonathan M. Harris, Howard T. Macrae, Jr., Benjamin C. Ackerly, George R. Pitts, and

Deborah L. Fletcher, as his true and lawful attorneys-in-fact and authorizes and empowers any one of them, in the event of default in the payment of this Note, to confess a judgment against the undersigned before the clerk of the Circuit Court of the City of Richmond, Virginia, in such Clerk's Office in favor of the legal holder of this note for the amount then due upon the Note (including attorneys' fees as provided herein) and to acknowledge service of all process necessary in such confession.

IMPORTANT NOTICE

THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.

Wheat is also a member of the National Association of Securities Dealers, Inc. ("NASD"), and Lanham, by virtue of her employment with Wheat, was "a person associated with a member of NASD," as that phrase is used by NASD. This is significant, Lanham argues, because NASD's bylaws require the arbitration of "any dispute, claim or controversy arising out of or in connection with the business of any member ... or arising out of the employment or termination of employment of [persons associated with a member]." Section 8 of NASD's Code of Arbitration Procedure requires that:

> any dispute, claim or controversy eligible for submission ... between or among members and/or associated persons ... arising in connection with the business of such member(s) ... or arising out of the employment or termination of employment of such associated person(s) with such member, shall be arbitrated under this Code, at the insistence of ... .
> (2) ... a person associated with a member against a member.

As noted above, it is Lanham's contention that the above provision requiring arbitration mandates that the confessed judgment be set aside. Also as already noted, that argument is rejected.

By agreeing to a provision for confession of judgment in a note, the maker of the note waives many rights, not the least of which is the right to demand that a judge or jury hear and decide a dispute about the note. The fact that the right to a court or jury trial is not specifically listed in the note as one of the

rights waived does not mean it is not waived. Clearly, the right to arbitration is no more sacred. It was waived by Lanham.

Lanham's second argument, however, does have merit. Virginia Code § 8.01-433 provides, in pertinent part:

> Any judgment confessed under the provisions of § 8.01-432 may be set aside or reduced upon motion of the judgment debtor made within twenty-one days following notice to him that such judgment has been entered against him, and after twenty-one days notice to the judgment creditor or creditors for whom the judgment was confessed, on any ground which would have been an adequate defense *or setoff* in an action at law instituted upon the judgment creditor's note, bond or other evidence of debt upon which such judgment was confessed.

Emphasis added.

In making her motion to set aside the confessed judgment, Lanham points to at least one liquidated claim which she has against Wheat regarding matters different from the note on which the confessed judgment is based. Specifically, Lanham claims that Wheat breached an agreement to forgive the principal amount of a different note signed by Lanham. Since that claim is extrinsic to the claim which forms the basis of the confessed judgment, it is a *setoff* to that claim. *See, e.g., National Bank & Trust Co. v. Castle*, 196 Va. 686, 695, 85 S.E.2d 228 (1955) ("Set-off is a counter demand of a liquidated sum growing out of a transaction extrinsic to the plaintiff's demands."); *Dexter-Portland Co. v. Acme Co.*, 147 Va. 758, 766, 133 S.E. 788 (1926) ("Set-off ... [a]rises out of some transaction *dehors* [unconnected with] the transaction sued on."). Since Lanham's claim against Wheat involving a different promissory note is "unconnected with," or extrinsic to the claim on which Wheat obtained judgment against her, the plain language of § 8.01-433 requires that the judgment be set aside. It will be.